United States District Court
Southern District of Texas
**ENTERED**
June 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| YESSENIA RAMIREZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-CV-00343 |
| | § | |
| PHARR-SAN JUAN-ALAMO ISD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Now before the Court is "Non-Party, Hidalgo County District Attorney's Motion to Quash and Motion for Protective Order" filed by the Office of Hidalgo County Criminal District Attorney, Ricardo Rodriguez, Jr. (hereinafter "DA's Office"). (Dkt. No. 33). Also before the Court is "Non-Party, Hidalgo County District Clerk's Motion to Quash and Motion for Protective Order" filed by the Office of Hidalgo County District Clerk ("County Clerk's Office"). (Dkt. No. 33). After considering the Motions, the responsive briefings (Dkt. Nos. 35, 36), the arguments made at the hearings on April 12, 2022, and May 19, 2022, and the relevant law, the Court is of the opinion that the Motions should be **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

This Title IX lawsuit arises out of the alleged sexual assault of Plaintiff Yessenia Ramirez ("Plaintiff"), a former student of Defendant Pharr-San Juan-Alamo Independent School District ("Defendant"), by Jesus Cantu, a former teacher's aide employed by Defendant. (Dkt. No. 14). On January 28, 2022, Defendant served a Subpoena Duces Tecum on the DA's Office and the County Clerk's Office (collectively "Movants") each. (Dkt. No. 33 at p. 1, Exh. A); (Dkt. No. 34 at p. 1, Exh. A). The subpoena served on the DA's Office requests "any and all police and criminal case records, to include the video/audio recording of the forensic interview of Yesenia Ramirez

conducted in regard to San Juan Police Department case number 18-01354." (Dkt. No. 33 at Exh. A). The subpoena served on the County Clerk's Office requests "any and all criminal case records and court documents regarding cause no CR-3025-18-J, The State of Texas vs. Jesus Cantu." (Dkt. No. 34 at Exh. A). The subpoenas commanded Movants to comply with the request by February 28, 2022. (Dkt. No. 33 at p. 1-2, Exh. A); (Dkt. No. 34 at p. 2, Exh. A).

On February 28, 2022, each Movants filed a Motion to Quash and Motion for Protective Order, arguing that the requested information is protected under the Texas Family Code.[1] (Dkt. Nos. 33, 34). In response, Defendant "request[ed] that this Court release the information" pursuant to the procedure establish in § 261.201(b) of the Texas Family Code. (Dkt. No. 35 at p. 4); (Dkt. No. 36 at p. 2). Accordingly, the Court set a hearing on the matter for April 12, 2022, to comply with the procedure set out in § 261.201(b). (Dkt. Nos. 37, 38).

At the April 12, 2022 hearing, the parties and Movants discussed the types of documents and recordings Defendant seeks to obtain from Movants and agreed to confer to determine which items are in dispute. Movants also argued, for the first time, that a recording of an interview of Plaintiff at the Children's Advocacy Center is protected under Article 39.15 of the Texas Code of Criminal Procedure.

The Court set the matter for a second hearing on May 19, 2022. (Dkt. No. 40). At the May 19, 2022 hearing, Movants represented that they provided a table of contents, or list, of the documents and records in their possession to Defendant. Defendant then identified the information it sought from the list and agreed that attorney work product and intimate visual material of Plaintiff should be withheld. At the hearing, the attorneys for Movants tendered the redacted materials to the Court for in camera review.

[1] The DA Office also argued that the requested information is protected under Federal Rule of Civil Procedure 26 as attorney work product. (Dkt. No. 33 at p. 2-5). At a hearing on May 19, 2022, Defendant agreed that attorney work product should be withheld. As a result, none of the materials tendered to the Court contained attorney work product.

## II. Analysis

Under the Federal Rules, the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" FED. R. CIV. P. 45(d)(3)(A)(iii). Movants argue that the requested material is protected under § 261.201(a) of the Texas Family Code. (Dkt. No. 33 at p. 3-5); (Dkt. No. 34 at p. 2-4). At the April 12, 2022 hearing, Movants also argued that an interview of Plaintiff with the Children's Advocacy Center cannot be produced under the Texas Code of criminal Procedures. For the following reasons, the Court finds that some, but not all, of the materials may be produced.

### A. Summary of Materials

At the May 19, 2022 hearing, Movants tendered a green folder, a manilla folder, and a yellow envelope to the Court. The green folder included documents from the County Clerk's Office. The manilla folder included documents from the District Attorney's Office. The yellow envelope included five compact discs ("CDs"): (1) SJPD 18-01354; (2) SJPD 18-01354 Jesus Cantu Interview; (3) SJPD 18-01354 LG Phone Extraction; (4) SJPD CAC 18-01354 Yesenia Ramirez; and (5) Victims Phone Extract Summary. In this Order, the Court references documents and files by the folder or CD containing it.

### B. Texas Family Code

Defendant does not dispute that the requested materials are confidential under the Texas Family Code. Instead, Defendant argues that the information be released pursuant to the procedure proscribed in § 261.201(b) of the Texas Family Code:

> (a) A court may order the disclosure of information that is confidential under this section if:
> (1) a motion has been filed with the court requesting the release of the information;
> (2) a notice of hearing has been served on the investigating agency and all other interested parties; and
> (3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:

> (A) essential to the administration of justice; and
> (B) not likely to endanger the life or safety of:
> > (i) a child who is the subject of the report of alleged or suspected abuse or neglect;
> > (ii) a person who makes a report of alleged or suspected abuse or neglect; or
> > (iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child.

(Dkt. No. 35 at p. 3-4); (Dkt. No. 36 at p. 2); TEX. FAM. CODE ANN. § 261.201(b). Although Defendant did not file a formal motion requesting the release of the requested materials, the Court interpreted its response as one and set the matter for a hearing on April 12, 2022. (Dkt. Nos. 37, 38). After setting the hearing, Defendant served notice of the hearing on the investigating agency and all other interested parties. (Dkt. No. 39). The Court then set the matter for a second hearing on May 19, 2022, where Movants tendered the disputed materials to the Court. (Dkt. No. 40). Now, the Court must determine whether the disclosure of the requested material is (1) "essential to the administration of justice" and (2) "not likely to endanger the life or safety of" Plaintiff, a person who reported the alleged or suspected abuse, or any other person who participated in the investigation. TEX. FAM. CODE ANN. § 261.201(b).

**i. Essential to the Administration of Justice**

First, Defendant argues that the requested materials are "essential to the administration of justice" since they relate to the underlying relationship between Plaintiff and Cantu. (Dkt. No. 35 at p. 4); (Dkt. No. 36 at p. 2-3). Courts typically determine whether material is "essential to the administration of justice" by deciding whether it is relevant or whether it will lead to the discovery of admissible evidence. *See In re Walter Kidde Portable Equip., Inc.*, No. 01-12-01012-CV, 2013 WL 4004591, at *5 (Tex. App.—Houston [1st Dist.] Aug. 6, 2013, no pet.) (mem. op.) ("We hold that the information Kidde seeks through Holmes's deposition is essential to the administration of justice, because Kidde seeks information reasonably calculated to lead to the discovery of admissible evidence on issues directly involving the parties and events in dispute."); *In re Agers*,

No. 06-10-0020-CV, 2010 WL 1780133, at *3 (Tex. App—Texarkana May 5, 2010, no pet.) (mem. op.) ("[W]e find that the trial court could have reasonably determined that the disclosure of the DFPS records is relevant to Cole's condition, pre-natal, and/or post-natal care, and that their disclosure was essential to the administration of justice."); *Tex. Dep't of Fam. and Protective Servs. v. Allstate Tex. Lloyds*, No. A-09-CV-736 LY, 2009 WL 5214415, at *3 (W.D. Tex. Dec. 23, 2009) ("There is, however, a limited number of documents, parts of which are indeed relevant to the issues in the declaratory judgment action, and they are documents that would only be in the possession of DFPS."); *Henderson v. DaimlerChrysler Corp.*, No. SA-06-CV-0882-WRF, 2007 WL 9710712, *4 (W.D. Tex. July 19, 2007) ("As such, the Court finds that information related to investigations taking place outside of the general time frame of [the child's] death, absent substantiation, is unlikely to lead to discovery of admissible evidence and therefor is not 'essential to the administration of justice.'").

According to Defendant, Plaintiff's and her mother's statements made in the criminal investigation and prosecution "are vital to this case" as "both factual evidence and potential impeachment evidence" since they are "unaltered by time." *Id.* The Court agrees in part and finds that some of the disputed materials are "essential to the administration of justice" because they are either relevant or may lead to the discovery of admissible evidence. Specifically, the Court finds that all materials tendered to the Court in the green folder are essential to the administration of justice. Similarly, the Court finds that all the files tendered to the Court in the SJPD 18-01354 CD, the SJPD 18-01354 Jesus Cantu Interview CD, the SJPD CAC 18-01354 Yesenia Ramirez CD, and the Victims Phone Extract Summary CD[2] are essential to the administration of justice.

Furthermore, the Court finds that all materials tendered to the Court in the manilla folder are essential to the administration of justice, except for the following:

[2] Some images in the "Victims Phone Extract Summary" CD were redacted before being tendered to the Court. Those images are **ORDERED** to remain redacted.

- The Alamo Police Department Offense/Incident Report related to a missing person/runaway on June 14, 2018;
- The Alamo Police Department Offense/Incident Report related to a missing person/runaway on November 27, 2018;
- Copies of Plaintiff's social security card, Plaintiff's birth certificate, Plaintiff's immunization records, and Sara Felicitas Martinez-Caballero's identification card from the business records attached to the Business Record Affidavit of Laura A. Campos; and
- Copies of Jesus Cantu's driver's license from the business records attached to the Business Record Affidavit of Juan Alvarez.

Movants are to redact references to social security numbers in the business records attached to Laura A. Campos's Business Record Affidavit and Juan Alvarez Business Record Affidavit before producing the requested materials.

Last, the Court finds that most of the files in the "SJPD 18-01354 LG Phone Extraction" CD are not essential to the administration of justice. Only the following files in the "SJPD 18-01354 LG Phone Extraction" CD are essential to the administration of justice:

- The "EvidenceCollection_2018-06-26_Report.pdf" file in the "EvidenceCollection" folder;
- The following files contained in the "Audio" folder within the "files" folder of the "EvidenceCollection" folder:
  - VoiceSearchOriginalAudioRecording0.amr;
  - VoiceSearchOriginalAudioRecording1.amr;
  - VoiceSearchOriginalAudioRecording2.amr;
  - VoiceSearchOriginalAudioRecording3.amr; and
  - VoiceSearchOriginalAudioRecording4.amr;

- The following files contained in the "Image" folder within the "files" folder of the "EvidenceCollection" folder:
  - .thumbdata3--1967290299_embedded_67.jpg;
  - .thumbdata3--1967290299_embedded_68.jpg;
  - .thumbdata3--1967290299_embedded_69.jpg;
  - .thumbdata3--1967290299_embedded_118.jpg;
  - .thumbdata3--1967290299_embedded_176.jpg;
  - .thumbdata3--1967290299_embedded_177.jpg;
  - 20171031_103537_1510077711200.jpg;
  - 20180427_110315_1.jpg;
  - 20180427_110332_2.jpg;
  - 20180427_111548_1.jpg;
  - 20180427_134507_1.jpg;
  - 20180427_134514_1.jpg;
  - 20180518_110821.jpg;
  - 1526659926419.jpg; and
  - th_1510077711373_15f97a5440djb9cveVqx.jpg.

**ii. Likelihood of Endangering the Life or Safety of Plaintiff and Other Interested Parties**

Defendant argues no one would be harmed by producing the requested materials since Cantu has pleaded guilty and completed his sentence and since the issues related to this case are already public knowledge due to the criminal investigation and this civil suit. (Dkt. No. 35 at p. 4-5); (Dkt. No. 36 at p. 3). After conducting an in camera review, the Court agrees. Accordingly, only the documents and files identified above as "essential to the administration of justice" can be produced to Defendant.

### C. Texas Code of Criminal Procedure

At the April 12, 2022 hearing, Movants argued for the first time that the interview of Plaintiff by the Children's Advocacy Center, found in the "SJPD CAC 18-01354 Yesenia Ramirez" CD, is protected under Article 39.15 of the Texas Code of Criminal Procedure. Property and materials described in Article 39.15(a) "must remain in the care, custody, or control of the court or the state as provided by Article 38.45." TEX. CODE. CRIM. P. ANN. art. 39.15(b). "A court shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce any property or material described by Subsection (a), provided that the state makes the property or material reasonably available to the defendant." *Id.* at art. 39.15(c). While the Court has not been fully briefed on the applicability of Article 39.15 in this civil action, the Court will order the recording of the interview of Plaintiff by the Children's Advocacy Center be protected as specified in the Article 39.14 of the Texas Code of Criminal Procedure.

## V. Conclusion

For the foregoing reasons, the Court **ORDERS** that Movants' Motions to Quash (Dkt. No. 33, 34) are **GRANTED IN PART** and **DENIED IN PART**. Accordingly, the Court **ORDERS** Movants to produce the documents and files that the Court has identified as essential to the administration of justice and not likely to endanger the life or safety of the class of individuals identified in § 261.201(b)(3)(B) of the Texas Family Code in this Order. The Court also **ORDERS** Movants to redact references to social security numbers in the business records attached to Laura A. Campos's Business Record Affidavit and Juan Alvarez Business Record Affidavit before producing the requested materials.

The Court further **ORDERS** that the recording of the interview of Plaintiff by the Children's Advocacy Center, found in the SJPD CAC 18-01354 Yesenia Ramirez CD, remain in the DA's Office's care, custody, and control. As a result, the Court **ORDERS** the DA's Office to

make the recording of Plaintiff by the Children's Advocacy Center reasonably available to the Defendant as defined by Article 39.15(d) of the Texas Code of Criminal Procedure.

The Court will enter a protective order by separate order.

SO ORDERED June 6, 2022, at McAllen, Texas.

Randy Crane
United States District Judge